## WEEKLY REPORT OF
## SUPREME COURT PROCEEDINGS

### NEW CASES DECIDED

### SUPREME COURT OF OHIO

#### Tuesday, February 5, 1924

#### GENERAL DOCKET

17829—George A. Maxfield, Treas., v. Edward Brooks et al.; error to the Court of Appeals of Clermont county. Judgement modified. Marshall, C. J., Wanamaker, Jones, Day and Allen, JJ., concur. For syllabus, see page ——.

18186—Albert B. Ossage et al v. James Foley et al; error to the Court of Appeals of Hamilton county. Petition in error dismissed; no debatable constitutional question involved. Marshall, C. J., Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.

18187—Robert E. Ossage v. James Foley et al; error to the Court of Appeals of Hamilton county. Petition in error dismissed; no debatable constitutional question involved. Marshall, C. J., Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.

#### MOTION DOCKET

For complete information as to parties, nature of case and names of attorneys, see the filing reference at the end of each paragraph below.

18240—John M. Elder v. Board of Education of the Willard Village School District. Motion for an order directing the Court of Appeals of Huron county to certify its record. Overruled. Motion filed Dec. 19, 1923; for entry see 1 Abs. 875.

18244—Myrna Tuaminen v. City of Cleveland. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Motion filed Dec. 11, 1923.

18248—Board of County Commissioners of Columbiana County v. H. S. Rinehart et al. Motion for an order directing the Court of Appeals of Columbiana county to certify its record. Overruled. Motion filed Dec. 19, 1923; for entry see 1 Abs. 876.

18250—The C. C., C. & St. L. Ry. Co. v. Err Lee, Admr. Motion for an order directing the Court of Appeals of Huron county to certify its record. Sustained. Motion filed Dec. 14, 1923; for entry of, see 2 Abs. 3.

18254—Board of Education of the City School Dist., Cleveland, v. Oscar Juergens. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Sustained. Motion filed Dec. 15, 1923; for entry of, see 2 Abs. 3.

18255—Michele Delassandro v. Industrial Commission of Ohio. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Sustained. Motion filed Dec. 15, 1923; for entry of, see 2 Abs. 3.

18256—Industrial Commission of Ohio v. Annie Smith. Motion for an order directing the Court of Appeals of Perry county to certify its record. Sustained. Motion filed Dec. 15, 1923; for entry of, see 2 Abs. 3.

18257—Industrial Commission of Ohio v. Mary Olinger. Motion for an order directing the Court of Appeals of Stark county to certify its record. Overruled Motion filed Dec. 15, 1923; for entry of, see 2 Abs. 3.

18259—City of Cleveland v. The Legal News Publishing Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Sustained. Motion filed Dec. 18, 1923; for entry of, see 2 Abs. 3.

18260—Board of Education of the City School Dist. of the City of Cleveland v. W. J. Featherstone. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Sustained. Motion for filed Dec. 18, 1923; for entry of, see 2 Abs. 3.

## SYLLABI OF CASES
## DECIDED LAST WEEK

No. 17829—George A. Maxfield, Treasurer of Clermont County, Ohio, v. Edward Brooks et al. Error to the Court of Appeals of Clermont county.

1053. ROADS—Injunction in road improvement cases—Secs. 1211 et seq. and 1214 GC. construed together—Discretion of commissioners as to half-mile or mile limits of assessments—Changing area of assessed lands—Notice of assessment, to property owners.

WANAMAKER, J.

1. Before the right of injunction is available to a property owner assessed for a road improvement it must appear that he has no adequate remedy at law.

2. Section 1211 et seq. and Section 1214, General Code, relating to road improvements, deal with the same subject-matter, are in pari materia, and therefore must be construed together, each given such reasonable construction as to give the proper force and effect to each and all of said statutes.

3. Where the legislature's language is clear there is nothing for the judiciary to construe. It is solely the duty of the courts to reasonably apply the statute so far as to effect its obvious purpose. Whether the land to be assessed shall be limited to abutting property owners within one-half mile of the improvement, or to property owners within a mile of the improvement, is a matter vested in the discretion of the commissioners by the statute.

4. Under the above sections the area or lands to be assessed may be changed, upon due notice thereof, at any time before the assessment is made.

5. A notice given to the property owners "along" a road that is being improved is not sufficient in fact or law to charge notice to all property owners within the one-mile district on either side of such road.

Judgment modified.

Marshall, C. J., Jones, Day and Allen, JJ., concur. Matthias, J., concurs in proposition 5 of the syllabus, but not in modification of judgment.